**SPILKER v. BRIDGE.**

No. 9452.

United States District Court.
E. D. Michigan, S. D.

Nov. 29, 1950.

Marx, Levi, Thill & Wiseman, Detroit, Mich., Clarence A. Day, Toledo, Ohio, for plaintiff.

Wm. Sempliner, Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

Findings of Fact

1. The plaintiff, H. Floyd Spilker, is a citizen of Ohio, and the defendant, John Bridge, is a citizen of Michigan, residing within the Southern Division of the Eastern District thereof.

2. As hereinafter detailed, this action involves a controversy in excess of $3,000.-00, exclusive of interest and costs.

3. The defendant, John Bridge, was the organizer of a corporation formed pursuant to the laws of Ohio, known as Bridgeways, Inc., which was, at all times mentioned herein, engaged in the inter-state trucking business, operating as a common carrier of freight, by motor trucks, tractors and trailers, under a permit issued by the United States Interstate Commerce Commission. This corporation did business in various states, including Michigan, and maintained its main office in Detroit, Michigan.

4. The defendant had been and was, on or about August 1, 1949, a director of Bridgeways, Inc., and the registered agent in Michigan for the corporation.

5. Prior to August 1, 1949, Bridgeways, Inc., or subsidiaries thereof, formed by those interested in Bridgeways, Inc., and for its benefit, procured the purchase by various parties and individuals of motor equipment and trailers and the leasing thereof to Bridgeways, Inc., for use in its operations. However, by reason of the purchasers' default on the chattel mortgages or the conditional sales contracts securing the purchase price thereof, certain items of equipment had to be repossessed, or arrangements made for the financing thereof.

6. After discussion and negotiation, an agreement was made and entered into, dated August 1, 1949, by and between defendant, plaintiff and L. G. Davis, providing, in part:

(a) That a corporation, to be known as Cadillac Rentals, Inc., would be formed under the laws of Michigan, with each of these parties to own 1/3 of the capital stock thereof.

(b) The defendant would cause the owners of the equipment to transfer the same to Cadillac Rentals, Inc.

(c) Cadillac Rentals, Inc., would agree to pay the holders of the defaulted conditional sales contracts and chattel mortgages an amount equal to the total unpaid balances thereon, and secure the same as required by the holders.

(d) The parties would individually make themselves liable, jointly and severally, for the indebtedness of Cadillac Rentals,

Inc., secured by the motor vehicle equipment it was acquiring.

(e) Bridgeways, Inc., would be given first option to lease all of the motor vehicle equipment acquired by Cadillac Rentals, Inc., at an amount sufficient to cover the latter's costs with relation thereto, including the costs of financing the purchase or acquisition thereof.

(f) In the event of a default in the payment of the rent or performance of any other terms and conditions under the lease of the motor vehicle equipment, with the same continuing for four (4) weeks, the defendant is obligated, within 30 days, "to cause them to be relieved and released from all personal obligation for any loans or other indebtedness of Cadillac" (Cadillac Rentals, Inc.).

7. At that time, plaintiff was employed as manager of Trailer Rentals, Inc., a Michigan corporation, formed and used to service motor vehicle equipment operated by Bridgeways, Inc., said Trailer Rentals, Inc., being a subsidiary of Bridgeways, Inc., and controlled by defendant.

8. Cadillac Rentals, Inc., was duly formed, in accordance with the contract of the parties, on or about August 3, 1949, with each of the parties receiving 500 shares of the capital stock thereof. Defendant became and still is the president and a director of the corporation. The contemplated items of motor equipment were acquired by Cadillac Rentals, Inc., by transfer from Bridgeways, Inc., or Bridgeways Terminal & Equipment Corporation, a subsidiary of Bridgeways, Inc., and of which defendant was then the president. In connection with the acquisition by Cadillac Rentals, Inc., of said equipment, this corporation, on August 5, 1949, executed a note, by defendant as its president, to Farmer & Ochs Co., of New York, New York, in the principal amount of $92,918.44, with interest at 6% per annum, which note was secured by a chattel mortgage, executed by Cadillac Rentals, Inc., covering the equipment. Further, this note was endorsed personally by defendant, plaintiff and L. G. Davis, and also by Bridgeways Terminal & Equipment Corporation.

9. At a meeting of the directors of Cadillac Rentals, Inc., held on August 5, 1949, and presided over by defendant, on motion made by defendant, a resolution was adopted authorizing a lease of the acquired motor vehicle equipment to Bridgeways, Inc. The lease was executed the following day, and Bridgeways, Inc., then and thereafter operated said motor vehicle equipment under said lease.

10. On or about September 3, 1949, Bridgeways, Inc., became in default in the payment of the motor vehicle equipment rental called for in the lease with Cadillac Rentals, Inc., and has remained in default since that date, a period of more than four weeks. Further, Bridgeways, Inc., on or about April 17, 1950, filed proceedings for reorganization, in this Court, under Chapter X of the Act of Congress relating to bankruptcy. 11 U.S.C.A. § 501 et seq.

11. There is due and owing the principal amount of $78,600.00, plus interest to November 16, 1950, in the amount of $2,627.20, or a total sum of $81,227.20, on the promissory note executed by Cadillac Rentals, Inc., to Farmer & Ochs Co., on which plaintiff, defendant and others are obligated as endorsers. Further, Cadillac Rentals, Inc., by reason of the failure of Bridgeways, Inc., to comply with the rental terms of the equipment lease, is in default in payments due on the note to Farmer & Ochs Co.

12. Defendant has failed and neglected to cause plaintiff to be relieved and released from his obligation on the note to Farmer & Ochs Co., or to do anything regarding the same.

13. No profits, subject to distribution, have been earned by Cadillac Rentals, Inc., and no distribution, by dividends or otherwise, has been declared or made to stockholders.

## Conclusions of Law

1. This Court has jurisdiction of this action because of diversity of citizenship and amount involved under 28 U.S.C.A. § 1332.

2. Defendant is charged with knowledge as to the affairs of Cadillac Rentals, Inc., and of the default by Bridgeways, Inc., in the terms of its motor vehicle equipment lease with Cadillac Rentals, Inc.

3. The contract between the parties is valid, and defendant is obligated to perform according to the terms and purport thereof.

4. The condition or contingency, therefor having occurred on or about October 1, 1949, defendant was then and has since been obligated to cause the plaintiff to be relieved and released from all personal obligation on the note of Cadillac Rentals, Inc., to Farmer & Ochs.

5. The clear design of the agreement is, upon the occurrence of the condition or contingency, to remove the possibility of plaintiff's being thereafter obligated, in any manner, to pay the indebtedness and to remove him from any connection further with Cadillac Rentals, Inc.

6. Therefore, upon the defendant otherwise being unable to cause defendant to be released from his obligation as endorser on said note, defendant was and is obliged to effect payment of the same, or to secure plaintiff immediately against a possible obligation to pay, rather than to leave plaintiff exposed for an indefinite period to the change in circumstances of the principal debtor.

7. Accordingly, a judgment shall be entered in favor of plaintiff against defendant for $81,227.20, providing that any payments upon such judgment shall be made to the Clerk of this Court, to be disbursed by him under order of this Court for application upon the principal obligation, with costs to be taxed.

#### Judgment

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby Adjudged that plaintiff, H. Floyd Spilker, recover from defendant, John Bridge, the sum of $81,227.20, provided, however, that any payments upon such judgment shall be made to the Clerk of this Court, to be disbursed by him under order of this Court for application upon the principal obligation, with costs taxable in plaintiff's favor.